JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
ERIC K. LUNDY
Nevada Bar No. 16921
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*ELundy@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Bibian Rodriguez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BIBIAN RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>M CON, INC., a Nevada corporation;<br><br>Defendant. | Case No.: 2:26-cv-00099-APG-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Bibian Rodriguez ("Plaintiff"), by and through his counsel of record, Greenberg Gross LLP, and Defendant M Con, Inc. ("Defendant"), by and through its counsel of record, Fisher & Phillips, LLP, hereby stipulate and agree to extend the unexpired discovery deadlines for ninety (90) days. This is the parties' first request for an extension of the discovery scheduling order deadlines.

**A. Discovery Completed to Date.**

To date, the parties have exchanged initial disclosures of documents and witnesses pursuant

to FRCP 26(a)(1), and Defendant has served supplements to its initial disclosures. The parties have negotiated and entered into a Stipulated Protective and Confidentiality Order. Plaintiff served Defendant with a first set of requests for production of documents on April 1, 2026, and Defendant served its responses. Defendant served Plaintiff with a first set of interrogatories, requests for admission, and requests for production of documents on July 29, 2026. The parties have also noticed and begun taking depositions, including an FRCP 30(b)(6) deposition of Defendant and the deposition of Plaintiff.

**B. Discovery Which Still Needs to Occur.**

Plaintiff intends to complete an FRCP 30(b)(6) deposition of Defendant and to take the depositions of Defendant's current and former employees with knowledge of the facts at issue, including those identified in the parties' initial disclosures. Defendant intends to complete the deposition of Plaintiff. The parties intend to exchange and respond to further written discovery, and to serve and respond to any outstanding written discovery. The parties may conduct expert witness discovery and serve third-party subpoenas for documents and to depose other witnesses. Further, the parties anticipate supplementing their document productions and disclosures as discovery continues.

**C. Proposed Schedule for Completing Remaining Discovery.**

**Discovery Cut-Off Date.** The September 9, 2026, discovery cut-off date shall be extended ninety (90) days to Tuesday, December 8, 2026.

**Dispositive Motions.** The October 9, 2026, dispositive motions deadline shall be extended to Thursday, January 7, 2027, which is thirty (30) days after the discovery deadline.

**Pretrial Order.** If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is Monday, February 8, 2027 (as the 30th day falls on Saturday, February 6, 2027, a non-judicial day). In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

**D. Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must diligently attempt to adhere to the deadlines in the scheduling order throughout the subsequent course of the litigation. *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Expert Disclosures, Dispositive Motions, and Pretrial Order deadlines. The parties have diligently pursued discovery, exchanging initial disclosures and supplements, negotiating and entering a Stipulated Protective and Confidentiality Order, serving and responding to written discovery, and noticing and scheduling depositions. Notwithstanding these efforts, the parties require additional time to complete the depositions of Plaintiff and Defendant's FRCP 30(b)(6) witness and other witnesses and to complete written discovery. In addition, the Early Neutral Evaluation has been continued to November 3, 2026, and the parties have been devoting resources to preparing for that session in good faith. Because the Early Neutral Evaluation will occur after the current expert disclosure and discovery deadlines, the parties will need additional time to conduct the remaining discovery to meet the remaining deadlines.

The parties submit that these circumstances satisfy the required good cause to extend in extending the deadlines referenced above.

The parties hereby stipulate to the aforementioned.

DATED: 8/19/2026

GREENBERG GROSS LLP

By: *__/s/ Eric K. Lundy__________*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
ERIC K. LUNDY
Nevada Bar No. 16921
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

DATED: 8/19/2026

FISHER & PHILLIPS, LLP

By: *__/s/ Judy R. Sanderlin_________*
JENNIFER A. FORNETTI
Nevada Bar No. 7644
JUDY R. SANDERLIN
Nevada Bar No. 16977
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: August 20, 2026